## Richmond.

HOTCHKISS v. GRATTAN, JUDGE.

MARCH 22d, 1894.

MANDAMUS—*Jurisdiction—Answer.*—Code, section 3094, providing that a writ of *mandamus* shall issue and be tried at the place of session of this court at which writs of error to such court are to be tried, *held*, controlling as to the place where the jurisdiction in the present case is to be exercised.

Application for a writ of *mandamus*.

*J. B. Stephenson, W. Liggett, J. A. Alexander*, and *F. B. Kennedy*, for applicant.

*W. E. Craig*, and *Patrick & Gordon*, for respondent.

LEWIS, P., delivered the opinion of the court.

This is an application by Jed Hotchkiss and others, in the original jurisdiction of the court, for a *mandamus* to compel the Honorable Charles Grattan, judge of the hustings court of the city of Staunton, to issue a writ for a special election upon the question of granting or not granting liquor license in the said city, pursuant to the provisions of chapter 25 of the Code.

It appears from the petition and accompanying papers that the petitioners applied by petition to the said court, on the 10th of January last past, for the issuance of a writ for such an election, which was refused.

An answer of the defendant, the Honorable Charles Grattan, judge as aforesaid, was filed at the same time that the petition in this court was filed, in which the right of the petitioners to the writ is controverted at length.

When the petition was offered at the bar, a doubt was expressed from the bench as to the jurisdiction of the court to take cognizance of the case at this place of session; and this doubt has been confirmed by a subsequent examination of the statute, which enacts as follows: "Writs of prohibition or *mandamus* from the Court of Appeals to any court shall issue and be tried at the place of session of said Court of Appeals at which writs of error to such court are to be tried." Code, sec. 3094. And section 3091 provides that the court at its session at Staunton shall hear and determine all appeals and writs of error which may be brought to the court from or to decrees or judgments of certain courts, including the hustings court of the city of Staunton. So that while jurisdiction to issue writs of *mandamus* is conferred upon this court, in general terms, by section 3086, the place or places at which the proceedings must be commenced is prescribed by section 3094.

No doubt a case which is regularly on the docket at one place of session may be transferred to, and heard at another place of session, under the provisions of section 3093; but this is not in conflict with section 3094. Nor is there anything in *Clay* v. *Ballard*, 87 Va., 787, that bears upon the present case. There it was said that the legislature has conferred upon this court unrestricted original jurisdiction to issue the writ according to the principles of the common law; but the place at which the jurisdiction is to be exercised is regulated, not by the common law, but by the statute; and if it be "necessary to prevent a failure of justice" that the court shall have jurisdiction to issue the writ at any place of session, regardless of the locality from which the case comes, that it is a matter for the consideration of the legislature.

It is contended, however, that the defendant has waived the

right to object to the jurisdiction by filing his answer without raising the question of jurisdiction, and it is insisted that the right can be waived, because " the only reason for section 3094 is for the benefit or convenience of the defendant." Whatever may have been the object of the enactment, the language is clear that the writ " shall issue and be tried" at the place prescribed. Without, however, deciding whether the provision of the statute can be waived as respects the place at which the proceeding is to be instituted, it is enough to say that the petition in the present case was filed subject to the opinion of the court as to the true construction of the statute ; and that being adverse to the supposed right to file the petition here, it follows that the petition must be dismissed. Its dismissal, however, will be without prejudice to the petitioners' right to hereafter apply for the writ at Staunton, if they shall be so advised.

MANDAMUS DENIED.